**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISSTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**FREDDIE WILSON,**

    Petitioner,

v.                           Case No. 4:20-cv-00326-MW-MAF

**KATHLEEN HAWKINS SAWYER,
Federal Bureau of Prisons,**

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

The *pro se* Petitioner, Freddie Wilson, a former prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2241, seeking good-time credits under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("the Act"). CV-ECF No. 1.[1] Respondent filed a response, CV-ECF No. 5, followed by an amended response, CV-ECF No. 6. Petitioner did not file a reply.

Upon careful review, for the reasons stated below, the Undersigned recommends that the Court DENY the petition because Petitioner is not entitled to relief under the First Step Act.

---

[1] This Report uses the citations "CR-ECF ___," when referencing documents in the underlying criminal docket, M.D. Fla. Case No. 8:13-CR-207-T-24EAJ, and "CV-ECF ____," when referencing documents in the instant civil case.

## I. Background and Relevant Procedural History

A jury found Petitioner guilty of thirteen counts of theft of government property[2], aggravated identity theft[3], conducting an unlawful monetary transaction[4], and obstruction of proper administration of the law.[5] CR-ECF No. 64. On October 9, 2013, the court sentenced Petitioner to a total of 78 months imprisonment followed by three years of supervised release.[6] CR-ECF No. 84. The Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Wilson, 788 F.3d 1298 (11th Cir. 2015).

Eventually, Petitioner transitioned from incarceration at a federal correctional institution to pre-release custody (effective March 13, 2019) and then to home confinement/detention (effective July 12, 2019). See N.D. Fla. Case No. 4:19-cv-00358, ECF No. 25. While on home detention, on August 5, 2019, Petitioner filed a Section 2241 petition in this Court, Case No. 4:19-CV-00358, seeking good-time credit based on his successful participation in

---

[2] In violation of 18 U.S.C. § 641.

[3] In violation of 18 U.S.C. § 1028A.

[4] In violation of 18 U.S.C. § 1957.

[5] In violation of 18 U.S.C. §1505.

[6] Initially, the court sentenced Petitioner to 102 months in prison. CR-ECF No. 83. The next day, the court amended the sentence to 78 months. CR-ECF No. 84.

certain recidivism reduction programming, pursuant to Section 3632(b)(4) of the Act. Id. Approximately two months later, on October 11, 2019, Petitioner was released from home detention to his term of supervised release. Id. On January 9, 2020, the magistrate judge issued a Report recommending the petition be denied because Petitioner failed to exhaust his administrative remedies and failed to demonstrate any constitutional violation or federal law by failing to award credit during the two-year "phase in" provision of the Act. Id. On January 29, 2020, the Court adopted the Report in full, denied relief, and closed the case. ECF No. 27.

Six months later, on June 22, 2020, Petitioner filed the instant petition claiming he is entitled to relief because he finally exhausted his administrative remedies by sending a letter to Tracey Broadnax, dated February 12, 2020, a copy of which he attached to the petition as an exhibit. CV-ECF No. 1, p. 8-10. In the letter, Petitioner asked Broadnax to apply his good time credits to his term of supervised release. Id., p. 8. Petitioner claims that the BOP refuses to apply the Act to reduce his sentence based on the "programming" and that he is entitled to have his term of supervised release "reduce[d]" by 615 days. CV-ECF No. 1, pp. 3, 7. Nowhere does Petitioner articulate which programs would have qualified under the Act. Petitioner

claims that the BOP never responded to his requests for administrative remedies. Id., p. 4.

Pursuant to the Court's order, Respondent filed a response on August 25, 2020, ECF No. 5, followed by an amended response the same day, ECF No. 6. Respondent asserts that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies and because the petition is premature. ECF No. 6. According to Respondent, Petitioner does not have a right to the relief he seeks because the BOP has until January 2022 to implement the relevant provision of the Act. Petitioner did not file a reply. This Report follows.

## II. Discussion

### A. The Exhaustion Requirement.

Generally, a § 2241 petitioner is required to exhaust available administrative remedies before obtaining relief in federal court. Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015). However, the exhaustion requirement in § 2241 cases is "judge-made," rather than jurisdictional. Id. The Act's exhaustion requirement is not jurisdictional. See Sebelius v. Auburn Reg'l Med. Ctr., 568 U.S. 145, 153, (2013) (holding that unless Congress "clearly stated that [a] rule is jurisdictional," the Court must treat it as non-jurisdictional (internal quotation marks omitted)). The Supreme

Court of the United States has described "three broad sets of circumstances" where "the interests of the individual weigh heavily against requiring administrative exhaustion"; thus, the exhaustion requirement may be excused. McCarthy v. Madigan, 503 U.S. 140, 144, 146-48 (1992) superseded by statute on other grounds as stated in Woodford v. Ngo, 548 U.S. 81, 85 (2006). The circumstance most relevant to Petitioner's case, is whether there is "an unreasonable or indefinite timeframe for administrative action." Id., at 146. An administrative remedy may be deemed inadequate where there is "a delay by the agency" or where an agency is unable "to grant relief because it lacks the institutional competence to resolve the particular issue." Id., at 148. Also, "a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits[.]" Santiago-Lugo, 785 F.3d at 475.

Under the Act, the amendment relating to good time credits provides that "[t]he amendments . . . shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code,

as added by section 101(a) of this Act." Courts around the country have determined that the amendment did not take effect until July 19, 2019.[7]

The BOP provides a specific administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10(a) (the procedure allows inmates to seek formal administrative review of issues relating to any aspect of the inmate's confinement). First the inmate must seek informal resolution of the issue(s) at the place of confinement. 28 C.F.R. § 542.13. If unsuccessful, next he must file a formal written administrative request with the warden on the BP-9 form. 28 C.F.R. § 542.14. If the inmate is dissatisfied with the warden's response, he may appeal to the BOP's regional director using the BP-10 form within 20 calendar days from the date the warden signed the response. 28 C.F.R. § 542.15. Finally, the inmate can file an appeal with the BOP's Office of General Counsel within 30 calendar days of the date the Regional Direct signed the response. Id. The Office of General Counsel's final decision completes the BOP's administrative review procedure. 28 C.F.R. § 542.15(a).

---

[7] United States v. Richards, Case No. 3:05-cr-00185, 2019 U.S. Dist. LEXIS 77018, 2019 WL 2008572, at *4 (M.D. Tenn. May 7, 2019) ("[V]irtually every court in the country confronted with the question has concluded that it does . . ."); see also Johnson v. Bureau of Prisons, Case No. 4:19-cv-224-O, 2019 U.S. Dist. LEXIS 62448, 2019 WL 1569360, at *1 (N.D. Tex. April 11, 2019) ("the good-time-credit change will not take effect until the attorney general completes the 'risk and needs assessment system' required to be completed within 210 days after the December 21, 2018 enactment, as provided by §§ 01(a) and 102(b)(2) of the [First Step Act] 2018").

Case No. 4:20-cv-00326-MW-MAF

Here, Petitioner was released from home confinement/detention on October 11, 2019, and admits to only sending a letter to Tracey Broadnax, four months later, on February 12, 2020. CV-ECF No. 1, p. 8-10. Assuming, this letter was sufficient to begin the informal resolution process, if Petitioner was unsuccessful, he was required to appeal to the General Counsel, but he failed to take it any further. Petitioner did not exhaust his administrative remedies. Still, BOP would be unable to grant Petitioner's request where he was no longer in BOP custody. The petition does not present any argument or facts to support any excuse for Petitioner's failure to exhaust his administrative remedies; and, without submitting a reply, Petitioner did not counter the Respondent's affirmative defense. Although *pro se* litigants are entitled to liberal construction, Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008), this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings. Lampkin-Asam v. Volusia Cty. Sch. Bd., 261 F. App'x 274, 276-77 (11th Cir. 2008) (per curiam) (citing GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized by* Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

Accordingly, it makes sense for the Court to exercise its discretion to "skip" over the exhaustion issue because, on the merits, the petition should be denied. Santiago-Lugo, 785 F.3d at 475.

B. The Merits of Petitioner's Claims.

Petitioner is still "in custody" for purposes of pursuing federal habeas relief because, although he was not incarcerated at the time he filed the § 2241 petition, he is still serving a term of supervised release. See Dawson v. Scott, 50 F.3d 884, 886 (11th Cir. 1995); Maleng v. Cook, 490 U.S. 488, 490-91 (1989). The government argues that the failure to award Petitioner any good time credit did not violate the Act because the BOP is allotted a two-year phase-in period. ECF No. 5, p. 9. The government maintains that the BOP has until January 2022 to implement Section 3621(h), therefore, Petitioner's claim is not ripe. Id., pp. 7, 9.

It is worth emphasizing that Petitioner did not specifically identify the "programming" he completed, which would qualify under the Act. He did do so in his earlier case, N.D. Fla. Case No. 4:19-cv-00358-WS-EMT. As narrated above, the Court denied on the merits and determined Petitioner failed to exhaust his administrative remedies. It is well settled that plaintiffs may not seek relief on an issue previously litigated and resolved on the merits. The Supreme Court of the United States has repeatedly held:

> Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.

Allen v. McCurry, 449 U.S. 90, 94 (1980). To the extent Plaintiff's complaint could be construed as claiming that any of the programming listed in his earlier case qualifies under the Act, Plaintiff is barred by collateral estoppel. He may not relitigate the same issue resolved by the Court. Therefore, the Court considers Plaintiff's complaint as limited to any other recidivism programming not presented in the earlier case.

Notwithstanding the fact that Petitioner is not required to exhaust his administrative remedies, Petitioner's claims are not cognizable. Under the Act, eligible prisoners earn time credits for successfully completing "evidence-based recidivism programming. More specifically, a prisoner will earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A)(i). In addition, a prisoner, who is determined to be a minimum or low risk of recidivating, will earn an additional 5 days of time credits for every 30 days of successful participation if he has not increased

his risk of recidivism over two consecutive assessments. 18 U.S.C. § 3632(d)(4)(A)(ii).

However, this was not effective immediately. 18 U.S.C. § 3632(d)(4). The Attorney General had 210 days from the date of enactment to "develop and release publicly on the Department of Justice website a risk and needs assessment system," which shall be used "to determine when to provide incentives and rewards for successful participation in evidence-based recidivism reduction programs or productive activities[.]" See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 3632(a)(6) (2018). Without that system, the time credits could not be applied. Id. As explained above, the good time credit amendment did not take effect until July 19, 2019. Then, the BOP had another 180 days, or until **January 15, 2020**, to implement the system, complete inmate assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs. 18 U.S.C. § 3621(h). Therefore, at the earliest, Petitioner's claim for time credits for "programming" did not ripen until **January 15, 2020**. By this time, Petitioner was already released from home confinement/detention. Petitioner is simply not entitled to time credits for any recidivism reduction programs he completed prior to the effective date of the Act. Even so, Petitioner does not allege that he completed any program after the effective date of the Act.

Case No. 4:20-cv-00326-MW-MAF

The "phase-in" period is of no consequence here. Even if Petitioner was entitled to additional good time credit toward his sentence and did not receive it, federal law provides that those credits could not be used to shorten his period of supervised release. Pursuant to 28 CFR § 2.35(b):

> Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.

See also United States v. Johnson, 529 U.S. 53, 60 (2000) (holding that the length of a supervised release term may not be reduced by reason of excess time served in prison); Garland v. Johnson, 2019 U.S. Dist. LEXIS 1777527 (W.D. La. Aug. 12, 2019) (citing 28 C.F.R. § 2.35(b)) Report and Recommendation Adopted (dismissing as moot petitioner's claim for good time credits under the First Step Act because the credits cannot be used to shorten a period of supervised release and petitioner had been released from his prison term.).

"Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (citations omitted). Petitioner seeks release supervised release. Because the Act does not

Case No. 4:20-cv-00326-MW-MAF

permit good time credits to be applied to a term of supervised release, the Court cannot grant the relief Petitioner requested.

## III. Conclusion and Recommendation

It is respectfully RECOMMENDED that the Court find that the Petition be DISMISSED with prejudice as MOOT and the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida on November 13, 2020.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).